# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 2:21-po-00304-JCB |
| **ROBERT L. BAIRD,** | |
| Defendant. | Magistrate Judge Jared C. Bennett |

Before the court is Defendant Robert L. Baird's ("Mr. Baird") motion to suppress.[1] Based upon the analysis set forth below, the court denies Mr. Baird's motion.

## BACKGROUND

On the evening of August 12, 2021, the dispatch office of the Hill Air Force Base Security Forces Squadron ("SFS") received a call from an unidentified coworker of Mr. Baird ("Caller") indicating that Mr. Baird—a civilian employee working as a forklift driver on Hill Air Force Base—was intoxicated at work.[2] Senior Airman Joshua Cook ("Senior Airman Cook"), a member of the SFS, was present and heard the call, which was on speakerphone.[3] The Caller indicated that he smelled alcohol on Mr. Baird's breath, saw that Mr. Baird's eyes were glazed

---

[1] ECF No. 8.

[2] ECF No. 15 at 7:13-16; ECF No. 16 at 69:18-19.

[3] ECF No. 15 at 8:5-14.

and bloodshot, and observed that Mr. Baird's speech was slurred.[4] Senior Airman Cook was dispatched to investigate the report.[5] The Caller also indicated that this was not the first time he noticed Mr. Baird arrive at work seemingly impaired.[6]

At the scene, Senior Airman Cook and two other members of the SFS spoke with one of Mr. Baird's supervisors, who informed them that Mr. Baird was in his vehicle on his lunch break.[7] Senior Airman Cook, his flight chief, and assistant flight chief (collectively, "Officers") then approached Mr. Baird's vehicle.[8] Senior Airman Cook observed that Mr. Baird was in the driver seat of the vehicle and that the vehicle was running.[9]

Senior Airman Cook's flight chief made the initial contact with Mr. Baird.[10] After approximately two minutes, Senior Airman Cook's flight chief conducted three preliminary, pre-exit tests with Mr. Baird, which were conducted because of the possibility of Mr. Baird driving under the influence.[11] Although Mr. Baird performed those tests adequately, Senior Airman Cook and his flight chief observed that Mr. Baird's speech was slurred and that his eyes

---

[4] ECF No. 15 at 7:15-16, 11:25 to 12:1-8; ECF No. 16 at 67:12-20, 68:12-16.

[5] ECF No. 15 at 7:13-19, 7:23-25 to 8:1-4.

[6] *Id*. at 9:6-10.

[7] *Id*. at 10:22-25 to 11:1-5.

[8] *Id*. at 11:6-9.

[9] *Id*. at 11:9-11.

[10] *Id*. at 11:12-13.

[11] *Id*. at 11:18-24.

were glazed and bloodshot.[12] Because the parking lot where Mr. Baird's car was parked was sloped and without adequate lighting, Senior Airman Cook determined not to conduct standard field sobriety tests with Mr. Baird.[13] Senior Airman Cook then administered a portable breathalyzer test ("PBT") to Mr. Baird, which registered a breath alcohol concentration of .121 grams.[14] Senior Airman Cook's flight chief then read Mr. Baird his *Miranda* rights, and Mr. Baird was taken into custody.[15] Mr. Baird was later cited with DUI under Utah Code § 41-6a-502(1)(a).[16]

      Mr. Baird filed his motion to suppress on December 17, 2021.[17] The court held evidentiary hearings on Mr. Baird's motion on January 18 and 21, 2022.[18] In accordance with the court's briefing schedule,[19] Mr. Baird filed his supporting memorandum on February 17, 2022,[20] and the United States filed its responsive memorandum on March 3, 2022.[21] Mr. Baird did not

---

[12] *Id*. at 11:24-25 to 12:1.

[13] *Id*. at 13:8-14, 26:21-25; ECF No. 16 at 71:1-6.

[14] ECF No. 15 at 14:3-7, 14:24-25, 15:5-7; *see also* ECF No. 1.

[15] ECF No. 15 at 15:14-25.

[16] ECF No. 1.

[17] ECF No. 8.

[18] ECF Nos. 15-16.

[19] ECF No. 18.

[20] ECF No. 19.

[21] ECF No. 23.

file a reply. On April 12, 2022, the court held oral argument on Mr. Baird's motion.[22] At the conclusion of the hearing, the court took the motion under advisement.

## ANALYSIS

Mr. Baird argues that he was unlawfully detained after the Officers' reasonable suspicion dissipated and that his arrest was not supported by probable cause. Mr. Baird's arguments fail because, as demonstrated below: (I) the Officers' investigatory detention of Mr. Baird did not violate the Fourth Amendment; and (II) Mr. Baird's arrest was supported by probable cause. For those reasons, the court denies Mr. Baird's motion to suppress.

I.  **The Officers' Investigatory Detention of Mr. Baird Did Not Violate the Fourth Amendment.**

Mr. Baird does not argue that the Officers did not initially have reasonable suspicion to conduct an investigatory detention based upon the Caller's report. Instead, Mr. Baird argues that the Officers' reasonable suspicion dissipated at several points, and, thus, their continued detention of Mr. Baird beyond those points violated the Fourth Amendment. "The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest."[23] "Investigative detentions . . . , which are Fourth Amendment seizures of limited scope and duration, are reasonable if they are supported by a reasonable suspicion that the detained individual is engaged in criminal activity."[24] "[A]n investigative detention must be temporary

---

[22] ECF No. 25.

[23] *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

[24] *Novitsky v. City of Aurora*, 491 F.3d 1244, 1253 (10th Cir. 2007).

and last no longer than is necessary to effectuate the purpose of the stop," and "the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time."[25]

"An investigative detention is based on reasonable suspicion if the detaining officer has 'a particularized and objective basis for suspecting the person stopped of criminal activity.'"[26] "Reasonable suspicion is something more than an inchoate and unparticularized suspicion or hunch, but is considerably less than proof by a preponderance of the evidence or [proof] required for probable cause."[27] "The detaining officer needs only to articulate 'some minimal level of objective justification' for the detention."[28]

The court's Fourth Amendment analysis "is guided by the 'touchstone' of reasonableness."[29] The court must "look to the totality of the circumstances known to the detaining officer rather than assessing each factor or piece of evidence in isolation. Courts also must defer to the ability of a trained law enforcement officer to distinguish between innocent and suspicious actions."[30] The court's "analysis is an objective one, asking whether the facts

---

[25] *Florida v. Royer*, 460 U.S. 491, 500 (1983).

[26] *United States v. Briggs*, 720 F.3d 1281, 1285 (10th Cir. 2013) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)).

[27] *United States v. De La Cruz*, 703 F.3d 1193, 1196 (10th Cir. 2013) (alteration in original) (quotations and citation omitted).

[28] *Briggs*, 720 F.3d at 1285 (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)).

[29] *United States v. Salas-Garcia*, 698 F.3d 1242, 1248 (10th Cir. 2012) (quoting *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)).

[30] *Briggs*, 720 F.3d at 1285 (quotations and citations omitted).

available to the detaining officer, at the time, warranted an officer of reasonable caution in believing the action taken was appropriate."[31]

In arguing that his investigatory detention violated the Fourth Amendment, Mr. Baird attempts to segment his detention into an "initial observation period" of approximately two minutes and any detention thereafter. According to Mr. Baird, "[a]t no time during [the] initial observation [period] did any of the [O]fficers observe any indications that Mr. Baird was impaired."[32] Thus, Mr. Baird first argues, the Officers' reasonable suspicion dissipated at that point. In his second argument, Mr. Baird contends that his voluntary consent to the pre-exit tests further dissipated the Officers' reasonable suspicion. Third, Mr. Baird argues that the Officers' reasonable suspicion was further dissipated when he adequately performed the pre-exit tests. Finally, Mr. Baird maintains that the Officers' corroboration of only some portions of the Caller's report further dissipated their reasonable suspicion. The court addresses each of Mr. Baird's arguments in turn below.

Mr. Baird's first argument fails because he cites no authority for the fact that his detention should be segmented in the way he posits. Furthermore, it ignores the fact that after the "initial observation period," he consented to performing the pre-exit tests. Importantly, Mr. Baird concedes that his consent was voluntary.[33] Thus, even if the court were to assume that the Officers' reasonable suspicion dissipated after the "initial observation period," they were

---

[31] *Id.* (quotations and citations omitted).

[32] ECF No. 19 at 6.

[33] *Id.*

permitted to continue Mr. Baird's detention based upon his consent to performing the pre-exit tests.[34]

In his second argument, Mr. Baird relies upon *Summers v. State of Utah*[35] for the proposition that refusal to submit to sobriety testing can support probable cause. Mr. Baird uses that proposition to argue that "[i]t follows that a suspect's voluntary consent to sobriety testing deserves weight" when making the determination of reasonable suspicion.[36] However, Mr. Baird cites no authority that directly supports his position, and the court is unable to find any. Accordingly, his second argument fails.

Mr. Baird's third argument also fails because he asks the court to view the factors related to his detention in isolation, which the court cannot do. Instead, the court must examine the totality of the circumstances known to the Officers and defer to their training and judgment in assessing Mr. Baird's actions. Although Mr. Baird adequately performed the pre-exit tests, it was during those tests that the Officers' observations of Mr. Baird corroborated the Caller's report that Mr. Baird's speech was slurred and that his eyes were glazed and bloodshot. Under those

---

[34] *United States v. West*, 219 F.3d 1171, 1176 (10th Cir. 2000) (providing that an investigatory detention can be extended "if the suspect consents to further questioning or if the detaining officer has a particularized and objective basis for suspecting the person stopped of criminal activity"); *United States v. Hunnicutt*, 135 F.3d 1345, 1349 (10th Cir. 1998) (providing that lengthening an investigative detention for "further questioning unrelated to the initial stop is permissible if the initial detention has become a consensual encounter").

[35] 927 F.2d 1165, 1166 (10th Cir. 1991).

[36] ECF No. 19 at 7.

circumstances, that constituted "'some minimal level of objective justification' for the detention," which is all that is required to establish reasonable suspicion.[37]

Mr. Baird's final argument likewise fails because he does not cite any authority for the proposition that the Officers' reasonable suspicion dissipated because they did not observe every indication of impairment reported by the Caller. Although true that Mr. Baird was wearing a mask because of COVID-19, and the Officers did not observe the smell of alcohol on Mr. Baird's breath as reported by the Caller, they did observe that Mr. Baird's speech was slurred and that his eyes were glazed and bloodshot. Moreover, the PBT results indicated the presence of alcohol, which made the Caller's observation of Mr. Baird more than just a hunch. Again, the court cannot examine the factors related to Mr. Baird's detention in isolation. Instead, the court must look to the totality of the circumstances and defer to the Officers' trained judgment in assessing Mr. Baird's actions. Under those standards, the Officers' observations that corroborated the Caller's report were at least "'some minimal level of objective justification' for the detention."[38]

As demonstrated above, all of Mr. Baird's arguments fail. Therefore, the court concludes that the Officers' investigatory detention of Mr. Baird did not violate the Fourth Amendment.

II.     **Mr. Baird's Arrest Was Supported by Probable Cause.**

Although a close call, the Officers had probable cause to arrest Mr. Baird for suspicion of driving under the influence under Utah law. "Probable cause is based on the totality of the circumstances, and requires reasonably trustworthy information that would lead a reasonable

---

[37] *Briggs*, 720 F.3d at 1285 (quoting *Sokolow*, 490 U.S. at 7).

[38] *Id.* (quoting *Sokolow*, 490 U.S. at 7).

officer to believe that the person about to be arrested has committed or is about to commit a crime."[39] "Probable cause only requires a probability of criminal activity, not a prima facie showing of such activity."[40] The "totality of the circumstances test does not depend on whether any particular factor is innocent when considered in isolation, but on whether, taken as a whole, the facts observed by the law enforcement officers indicate a fair probability" of criminal activity.[41] When considering the totality of the circumstances, the court "tak[es] into account both inculpatory as well as exculpatory evidence."[42]

Mr. Baird was cited with driving under the influence under Utah Code § 41-6a-502(1)(a). The elements of that section are met if a person is in "actual physical control of a vehicle" and "has sufficient alcohol in the person's body that a subsequent chemical test shows that the person has a blood or breath alcohol concentration of .05 grams or greater at the time of the test."[43]

Mr. Baird does not contest that he was in actual physical control of his vehicle but argues that the Officers lacked probable cause to believe that he had a blood or breath alcohol concentration of .05 grams or greater. Specifically, Mr. Baird contends that his arrest was not

---

[39] *Cortez v. McCauley*, 478 F.3d 1108, 1116 (10th Cir. 2007) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 n.2 (2003)).

[40] *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007) (citing *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)) (other citation omitted); *see also United States v. Stephenson*, 452 F.3d 1173, 1178 (10th Cir. 2006) ("Probable cause is a matter of probability, not certainty. Probable cause requires 'only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" (quoting *Gates*, 462 U.S. at 243 n.13)).

[41] *United States v. Ledesma*, 447 F.3d 1307, 1316 (10th Cir. 2006).

[42] *Wilder*, 490 F.3d at 814.

[43] Utah Code Ann. § 41-6a-502(1)(a).


supported by probable cause because it was based only "on [Mr. Baird's] passing performance on three sobriety tests and a positive indication for the presence of alcohol" in Mr. Baird's PBT results.[44]

Mr. Baird's argument fails because it omits any mention of two important facts that are relevant to the probable cause determination. First, Mr. Baird fails to recognize the Caller's report indicating that he smelled alcohol on Mr. Baird's breath, saw that Mr. Baird's eyes were glazed and bloodshot, and observed that Mr. Baird's speech was slurred. Second, Mr. Baird fails to consider the Officers' corroboration of the Caller's report through their own observations that Mr. Baird's eyes were glazed and bloodshot and that his speech was slurred. Those facts are relevant to the probable cause determination because "[a] confidential informant's tip can factor into the totality of the circumstances supporting probable cause when the tip is corroborated by officers' investigations."[45] The fact that the Officers did not detect the smell of alcohol on Mr. Baird's breath does not mean the Caller's report was entirely unreliable because they confirmed other aspects of the Caller's report.[46] Moreover, Mr. Baird was wearing a mask during his

---

[44] ECF No. 19 at 10.

[45] *United States v. Traxler*, 477 F.3d 1243, 1247 (10th Cir. 2007), *as amended on denial of reh'g and reh'g en banc* (Apr. 9, 2007); *see also Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 567 (1971) ("[W]here the initial impetus for an arrest is an informer's tip, information gathered by the arresting officers can be used to sustain a finding of probable cause for an arrest that could not adequately be supported by the tip alone. But the additional information acquired by the arresting officers must in some sense be corroborative of the informer's tip that the arrestees committed the [offense] or . . . were in the process of committing the [offense]." (citations omitted)).

[46] *Traxler*, 477 F.3d at 1247 ("Under the totality of the circumstances test, any deficiency in one aspect of an informant's tip may be compensated for by other indicia of reliability."); *see also Gates*, 462 U.S. at 233.

encounter with the Officers, but his PBT results clearly showed the presence of alcohol, which did not undermine the Caller's observations. Under the totality of the circumstances, those additional facts, along with Mr. Baird's PBT results,[47] provided the Officers with probable cause to believe that Mr. Baird had a blood or breath alcohol concentration of .05 grams or greater. Because Mr. Baird does not dispute that he was in actual physical control of his vehicle, the Officers' arrest of Mr. Baird for driving under the influence under Utah Code § 41-6a-502(1)(a) was supported by probable cause.[48]

## CONCLUSION AND ORDER

As demonstrated above, the Officers' investigatory detention of Mr. Baird did not violate the Fourth Amendment, and Mr. Baird's arrest was supported by probable cause. Therefore, the court DENIES Mr. Baird's motion to suppress.[49]

IT IS SO ORDERED.

DATED this 20th day of May 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[47] Although Mr. Baird takes great issue with the reliability of the PBT results, he provides no authority for the proposition that those results are not factored into the probable cause determination.

[48] Mr. Baird also argues that the Officers lacked probable cause for the same four reasons he argued that they lacked reasonable suspicion for his investigatory detention. For the same reasons the court rejected those arguments above, the court rejects them again here.

[49] ECF No. 8.